## Esling's Estate.

*John H. Lucas* and *Rawle & Henderson,* for exceptant.

*Townsend, Elliott & Munson,* contra.

SINKLER, J., March 13, 1931.—In a bequest or devise to A, his heirs, executors, administrators and assigns, the phrase is usually construed as one of limitation. In a bequest or devise to A *or* his heirs, executors, administrators and assigns, the phrase is usually construed as one of substitution.

The devise made by the testatrix by paragraph seven of her will, to take effect in case of the death of her son and daughter without leaving issue them surviving, is to her deceased husband's cousin, "Henry C. Esling, his heirs, executors or administrators." Paragraph eight begins "to prevent any possible intestacy," and provides that any fund in any way undisposed of or falling back into the residue shall be given to the Hospital of the Protestant Episcopal Church, etc. The third paragraph of the second codicil to the will recites the devise of certain real estate or the equivalent thereof in the event of her children dying without issue to her husband's cousin, Henry C. Esling, and gives her residuary estate to four charities, including the Hospital of the Protestant Episcopal Church. The Auditing Judge has found that the words used in the devise to Henry C. Esling are words of limitation and that by reason of his death before the testatrix, her two children having likewise predeceased her, the devise lapsed, and he awarded the corpus to the charities named in the third paragraph of the second codicil.

The argument presented in behalf of the exceptant does not, in our judgment, cite any legal authorities or provisions in the will which take the present case out of the general rule. The cases relied upon by the Auditing Judge were examined by counsel for the exceptant in an attempt to distinguish them from the present case. We find that these cases all contain phrases which make them distinguishable from those in which the general rule has been applied. For example, in Gilmor's Estate, 154 Pa. 523, the testator, when he republished his will and altered its language, added the words "to their heirs;" and it was held that he intended the phrase as words of substitution and not of limitation. In Wettach *v.* Horn, 201 Pa. 201, the court found from other

clauses in the will that the word "heirs" meant "children." In Barnwell's Estate, 29 Dist. R. 317, a bequest to one Anne Kennedy "and to her heirs and assigns" was held by the Auditing Judge to have lapsed. An exception to his finding was sustained, the court *in banc* referring to another bequest to one Rebecca Gaston, "but not to her heirs and assigns," which the court finds is an indication that the testator was not using the words "heirs and assigns" as words of limitation.

We think that the Auditing Judge has correctly set forth the general rule of construction, and agree with him that no words are to be found in the present will which take it out of the general rule.

The exceptions are dismissed and the adjudication confirmed absolutely.

LAMORELLE, P. J., and HENDERSON, J., did not sit.